UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:20-cv-0137

| | |
|---|---|
| ANITA MOSS *on behalf of herself and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>SENIOR CARE CAROLINAS, PLLC, INNOVATIVE HEALTHCARE MANAGEMENT, LLC and MELISSA LYNCH,<br><br>Defendants. | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT** |

By and through undersigned counsel, Plaintiff Anita Moss *on behalf of herself and all others similarly situated* ("Plaintiffs"), and Defendants Senior Care Carolinas, PLLC, Innovative Healthcare Management, LLC, and Melissa Lynch (collectively "Defendants"), hereby move this Court for approval of the settlement that they have reached in this case and in support thereof state as follows:

1. Plaintiff filed an EEOC Charge of Discrimination against Defendants in October 2019, a Complaint on March 2, 2020 and an Amended Complaint on May 19, 2020, alleging on behalf of herself, individually, and all other similarly situated in-home caregivers who worked for the Defendants, who elected to opt-in to this action pursuant to the collective action provision of 29 U.S.C. § 216(b) that they are entitled to recover (i) unpaid minimum wages, (ii) unpaid overtime wages for all hours worked exceeding forty (40) in a workweek, and (iii) statutory penalties, including liquidated damages, pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, specifically 29

U.S.C. §§ 207, 216(b). Plaintiffs further alleged, pursuant to Federal Rule of Civil Procedure 23, on behalf of themselves, individually, and all similarly situated employees of Defendants, who work or worked in the state of North Carolina that they are entitled to all unpaid wages, plus interest, liquidated damages, costs and fees and penalties as allowed for Defendants' violations of the NCWHA, N.C. Gen. Stat. §§ 95-25.1 *et seq*. (Dkt. No. 1 and 7).

2. Jacqueline Gilchrist, Le'Tashia Stephens, Whitney Jones, Stacey Konan, Donata Boozier, Letresha Sutton, Vada Lawrence, Shameka Young, Crystal Rivers, Mutombo Stephane Muepu, Willena Moore a/k/a Virginia Moore, Kylie Grommersch a/k/a Kylie Schwartz, and Danielle Downing joined as Plaintiffs to the Action by each filing a Consent to Become Party Plaintiff in the Wage and Hour Lawsuit. (Dkt. No. 5, 16, 17, 20, 19, 21, 22, 23, 24, 25, 27, 29, and 30, respectively).

3. Defendants deny the allegations in the Complaint and Amended Complaint and deny that they owe anything further to their employees or former employees to address the allegations in the operative Complaint and Amended Complaint and further contend that any failure to properly calculate and pay minimum wages or overtime pay was a good-faith error on the part of the Defendants, which were acting with objective and subjective good faith that they were paying correct wages. Such contentions are disputed by Plaintiffs.

4. A *bona fide* dispute exists regarding Plaintiffs' claims for wages owed by Defendants.

5. However, in an effort to avoid the additional costs and uncertainty of a trial, the Parties have agreed to resolve the disputed factual and legal issues on the terms set forth in the attached fully executed Settlement Agreement at Exhibit 1.

6. The Settlement Agreement resolves all claims asserted, and all claims (known or unknown) that could have been asserted, in this action by the Named Plaintiff and Opt-In Plaintiffs

against Defendants and was crafted at arm's length by experienced counsel on both sides following aggressively contested litigation.[1]

7. In total, and without admitting any liability, Defendants have agreed to pay the Plaintiffs for their alleged compensation claims, as reflected in Exhibit A of the Settlement Agreement, together with reasonable attorneys' fees and costs, as the FLSA is a fee-shifting statute.

8. Defendants have also agreed to pay Plaintiff Moss an enhancement award for her time and effort in pursuing this litigation and serving as Named Plaintiff. Plaintiff Moss filed the initial EEOC Charge covering the class allegations, participated in discovery, provided declarations for conditional certification, class certification, attended the mediation conducted in this action and has participated extensively in this litigation.

9. Throughout more than a year of litigation, including the EEOC Charge stage of this this action, the Parties have conducted a thorough investigation; propounded multiple sets of discovery; conducted a lengthy mediation, and prepared numerous motions. Hundreds of pages of documents and data have been exchanged, including Plaintiffs' time records, schedules, payroll records, emails, text messages, documents related to their job duties and responsibilities, and Defendants' policy and procedure manuals.

10. Following mediation, which initially resulted with an impasse, and a series of good faith discussions thereafter between the Parties, the Parties concluded that continued litigation, including trial, with respect to Plaintiffs' claims would be protracted, expensive, long, contrary to their best interests, and disproportionate to any possible additional recovery for any potential plaintiff.

---

[1] No Rule 23 class has been certified in this matter, so the claims of any putative members who have not joined this action as an Opt-In would be dismissed without prejudice.

11. Although neither Plaintiffs nor Defendants abandon any position taken in this action, the Parties desire to amicably resolve this matter.

12. Counsel for Plaintiff and Opt-In Plaintiffs advised counsel's clients regarding the Settlement Agreement and recommended judicial approval thereof. Plaintiff and Opt-In Plaintiffs had sufficient time to review the Settlement Agreement and consult with an attorney before they executed the Settlement Agreement. Each Plaintiff/Opt-In Plaintiff and Defendant has signed the Settlement Agreement, as such, there are no objections to the Agreement.

13. Additionally, prevailing plaintiffs are entitled to reasonable attorneys' fees and costs to be paid by the Defendants under the FLSA. 29 U.S.C. § 216(b). Therefore, the Parties negotiated reasonable attorney's fees and costs separate and apart from, and outside of, Plaintiffs' recovery, to be paid by Defendants. Parties to an FLSA settlement generally reach an agreement on the amount of attorneys' fees to be paid. Such an arrangement poses no particular problem for court approval. In fact, federal courts at all levels encourage litigants to resolve fee issues by agreement whenever possible. As the United States Supreme Court explained, "[a] request for attorney's fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of a fee." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

14. In *Hensley*, and as the docket reflects, counsel for Plaintiffs diligently performed extensive legal work including securing conditional certification, propounding Notice to the entire potential collective action, responding to questions and inquiries regarding participation, filing opt-in consents, conducted extensive discovery, prepared and responded to numerous motions; participated in mediation, incurring extensive fees and advanced costs in the prosecution of Plaintiffs' claims.

15. Moreover, this is not a common-fund settlement where defendants typically have little interest in how much of the settlement consideration is allocated to attorneys' fees. Rather,

4

4832-4587-1319, v. 1

here, in arm's-length negotiations, Defendants, sophisticated business people who were aided by experienced and competent counsel with specific experience litigating FLSA cases, sought to minimize the fees that they had to pay in addition to the money they will be paying Plaintiffs, and therefore defense counsel had a keen interest in negotiating the smallest amount their clients would have to pay.

16. Additionally, as explained in *McBean v. City of New York,* 233 F.R.D. 377 (S.D.N.Y. 2006), if the attorneys' fees and expenses are paid "entirely independent of money awarded to the class, the Court's fiduciary role in overseeing the award is greatly reduced, because there is no conflict of interest between attorneys and class members," as opposed to where the award of fees is to be paid from a common fund and essentially is "money taken from the class," and "then the Court must carefully review the award to protect the interests of the absent class members." *Id*. at 392 (*citing Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 123-24 (2d Cir. 2005) and *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43 (2d Cir. 2000)); *accord Su*, 2006 WL 4792780, at *3 (explaining that the court has "greater flexibility in exercising its discretion in determining the reasonableness of the attorneys' fees" when those fees are not being deducted from the employee's settlement). Accordingly, courts are permitted to award an agreed upon amount for attorneys' fees, especially where that amount is *in addition to and separate from* the defendant's payment to the class.

17. Most courts have held that employees cannot waive claims for unpaid wages under the FLSA without court approval. As the Eleventh Circuit Court of Appeals explained in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982), in the "context of suits brought directly against their employer under Section 216(b) to recover back wages for FLSA violations," the parties must present any proposed settlement to the district court, which "may enter a stipulated judgment after scrutinizing the settlement for fairness." The policy of encouraging

4832-4587-1319, v. 1

settlement of litigation applies in the context of FLSA litigation where there are bona fide issues in dispute and employees are represented by "an attorney who can protect their rights under the statute." *Lynn's Food Stores*, 679 F.2d at 1354.

18. The Parties believe that, given the totality of the circumstances, the Settlement Agreement's terms constitute a fair, reasonable and appropriate resolution of their *bona fide* dispute, and that the Parties have been competently represented by experienced counsel from the outset of the case, through which the Parties vigorously prosecuted and defended the merits of the claims. The proposed Settlement includes payments to Plaintiffs to resolve this litigation. Defendants are also paying Plaintiffs' reasonable attorneys' fees and costs in bringing this action and an enhancement award to Plaintiff Moss. Other indicia of fairness are also present including the settlement will conserve substantial time and expense by eliminating the need for a potential trial, the parties have mitigated the risk and costs on both sides that proceeding further presents, and, by settling, Plaintiffs have avoided a further delay in receiving any possible recovery.

19. As presented herein, the Parties respectfully request that this Court grant the Parties' Motion for Approval of Settlement Agreement as a fair, reasonable and adequate resolution of the case.

Respectfully submitted this 21st day of January 2021.

*/s/ L. Michelle Gessner*
L. Michelle Gessner, NCSB#26590
GESSNERLAW, PLLC
602 East Morehead Street
G.G. Galloway House
Charlotte, North Carolina 28202
Tel: (704) 234-7442; Fax: (980) 206-0286
Email: michelle@mgessnerlaw.com
*Attorney for Plaintiffs and*
*Putative Class Members*

4832-4587-1319, v. 1

*/s/ Ryan D. Bolick*
Ryan D. Bolick, NC Bar #26482
Virginia M. Wooten, NC Bar #48180
P.O. Box 30787
Charlotte, NC 28230
Telephone (704) 332-8300
Facsimile (704) 332-9994
rbolick@cshlaw.com
vwooten@cshlaw.com
*Counsel for Defendants*