# EXHIBIT 1

# SETTLEMENT AND GENERAL RELEASE AGREEMENT

THIS SETTLEMENT AND GENERAL RELEASE AGREEMENT (this "**Agreement**") is made and entered into by and between Named Plaintiff Anita Moss ("Named Plaintiff" or "Moss"), and Opt-In Plaintiffs Jacqueline Gilchrist, Le'Tashia Stephens, Whitney Jones, Stacey Konan, Donata Boozier, Letresha Sutton, Vada Lawrence, Shameka Young, Crystal Rivers, Mutombo Stephane Muepu, Willena Moore a/k/a Virginia Moore, Kylie Grommersch a/k/a Kylie Schwartz, and Danielle Downing ("Opt-In Plaintiffs") (collectively "Plaintiffs") on the one hand, and Senior Care Carolinas, PLLC ("Senior Care"), Innovative Healthcare Management, LLC ("Innovative Healthcare"), and Melissa Lynch ("Lynch"), (collectively "Companies"), on the other hand, as of this ____ day of January, 2021 (the "**Date of this Agreement**"), to be effective as of the Effective Date (as defined below). The Companies and each individual Plaintiff may each be referred to herein as a "**Party**", or collectively as the "**Parties**".

WHEREAS, Moss and each of the Opt-In Plaintiffs was employed by Senior Care Carolinas, PLLC, in North Carolina, as non-exempt employees during various workweeks between May 2017 through December 2020;

WHEREAS, Moss filed a discrimination Charge, on behalf of herself and all others similarly situated, with the Equal Employment Opportunity Commission in October 2019, filed a Complaint on March 2, 2020, and an Amended Complaint on May 19, 2020, captioned *Anita Moss, on behalf of herself and all others similarly situated*, *v. Senior Care Carolinas, PLLC, Innovative Healthcare Management, LLC, and Melissa Lynch,* Civil Action No.: 3:20-CV-137 (the "Action"), currently pending in the United States District Court for the Western District of North Carolina (the "Court").

WHEREAS, Moss asserts on behalf of herself and all others similarly situated causes of action for: (1) violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., for failure to pay minimum wages; (2) violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., for failure to pay overtime; (3) failure to pay wages pursuant to the North Carolina Wage and Hour Act N.C. Gen. Stat. §§ 95-25.6, 95-25.7 and 95-25.13; and (4) violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.§2000e et seq.

WHEREAS, Plaintiffs filed a Motion to Conditionally Certify a Collective and Class Action and Facilitate Notice on May 21, 2020, which was granted on June 25, 2020 and designated Plaintiffs' counsel as class counsel. Pursuant to the Court's Order, Plaintiffs' counsel facilitated notice to forty-four (44) potential class members by email and U.S. Mail. As of the September 7, 2020 deadline to join the Action, 13 additional plaintiffs joined as Opt-Ins.;

WHEREAS, Jacqueline Gilchrist, Le'Tashia Stephens, Whitney Jones, Stacey Konan, Donata Boozier, Letresha Sutton, Vada Lawrence, Shameka Young, Crystal Rivers, Mutombo Stephane Muepu, Willena Moore a/k/a Virginia Moore, Kylie Grommersch a/k/a Kylie Schwartz, and Danielle Downing joined as Plaintiffs to the Action by each filing a Consent to Become Party Plaintiff in the Wage and Hour Lawsuit;

WHEREAS, on January 27, 2020, Senior Care Carolinas, LLC entered into a Settlement Agreement with the United States Department of Labor ("USDOL") agreeing to pay certain amounts to certain former and current employees of Senior Care. A true and correct copy of the Settlement

Doc ID: d72253ae10eb590215e3491ba41a153db3d3572d

Agreement with the USDOL is attached hereto with private information of third parties redacted and made a part hereof as Exhibit D. Three of the Plaintiffs in this Action were listed in the USDOL Agreement as being owed money from Senior Care: Anita Moss, Letresha Sutton and Jacqueline Gilchrist. As of the signing of this Agreement, Plaintiffs Latresha Sutton and Jacqueline Gilchrist acknowledge they received the payments under the USDOL Agreement; however, Ms. Moss was never paid under the USDOL Agreement. As part of this Settlement Agreement, Companies expressly agree that they will issue payment in the form of a check to "Anita Moss" for $5,709.66 as referenced in the USDOL Agreement by no later than February 1, 2021, and agree to deliver said check by February 1, 2021 to Plaintiff's counsel's office at 602 East Morehead Street, Charlotte, North Carolina 28202.

WHEREAS, Plaintiffs filed a Motion to Certify NCWHA and Title VII Class Under Rule 23 on December 7, 2020. The Companies filed their response on December 21, 2020. As a material condition of this Agreement, Companies required Plaintiffs to withdraw their aforementioned Motion to Certify NCWHA and Title VII Class Under Rule 23. Plaintiffs have met this condition by filing a Notice of Withdrawal on January 4, 2021.

WHEREAS, the Companies deny that they owe anything to its employees or former employees to address the Action and further contend that any failure to properly calculate and pay minimum wages or overtime pay was a good-faith error on the part of the Companies, which was acting with objective and subjective good faith that it was paying correct wages; and such contentions are disputed by Plaintiffs; and

WHEREAS, the Companies and Plaintiffs have agreed to settle, compromise, and resolve all claims Plaintiffs may have against the Companies related to the Companies' payment of wages to Plaintiffs and Title VII claims, including but not limited to those alleged in the Action, in order to avoid the uncertainty, additional time and expense which would occur if litigation on these claims was to continue to proceed.

NOW, THEREFORE, in consideration of the foregoing, the mutual agreements contained herein, and other good and valuable consideration, the sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.      **Recitals.** The above recitals are true and correct and are incorporated by reference as if fully set forth herein.

2.      **Cooperation to Obtain Judicial Approval; Effective Date.** After the execution of this Agreement, counsel for the Parties shall cooperate to obtain final judicial approval of the settlement terms described herein, including an express agreement that all payments, including attorneys' fees and costs, are fair and reasonable. The covenants, obligations, or releases described herein shall not be enforceable or effective and no Settlement Payments (as defined below) shall be due or payable, unless and until the Court grants final approval to these settlement terms. Only upon such approval and on such day as the Court issues an order approving settlement (the "**Effective Date**"), this Agreement will automatically become effective and enforceable.

3.      **Settlement Payments Being Provided by the Companies.** The Parties agree that the Companies will pay a total amount of Two-Hundred and Fifty Thousand Dollars ($250,000.00) as part of this Agreement. The Parties further agree that from that total amount, that $120,000.00 will be paid

Doc ID: d72253ae10eb590215e3491ba41a153db3d3572d

to the Plaintiffs and $130,000.00 will be paid toward attorney's fees and costs. In no event will the Companies be required to pay more than $250,000.00 as a part of this Agreement. As a special benefit in consideration of the covenants, releases, and agreements set forth herein, and in full satisfaction of all the Released Claims (as defined below) each Plaintiff may have against the Companies from any time prior until up to the Date of this Agreement, the Companies shall provide the following payments to Plaintiff's counsel's office at 602 East Morehead Street, Charlotte, North Carolina 28202 within 30 days of the effective date of this Agreement:

     **(a)**     A settlement payment in the form of a check made out to "Anita Moss" in an amount, in total, equivalent to Nineteen Thousand Six Hundred Eighty-Two Dollars and Seventy-Three Cents ($19,682.73), to be payable within thirty (30) calendar days after the Effective Date;

     **(b)**     A settlement payment in the form of a check made out to "Jacqueline Gilchrist" in an amount, in total, equivalent to Twenty Two Thousand Nine Hundred Forty-Nine Dollars and Thirteen Cents ($22,949.13), to be payable within thirty (30) calendar days after the Effective Date; and

     **(c)**     A settlement payment in the form of a check made out to "Whitney Jones" in an amount, in total, equivalent to Sixteen Thousand Four Hundred Fifty Dollars and Twelve Cents ($16,450.12), to be payable within thirty (30) calendar days after the Effective Date; and

     **(d)**     A settlement payment in the form of a check made out to "Letresha Sutton" in an amount, in total, equivalent to Sixteen Thousand Two Hundred Twenty-Two Dollars and Thirty-Eight Cents ($16,222.38), to be payable within thirty (30) calendar days after the Effective Date; and

     **(e)**     A settlement payment in the form of a check made out to "Shameka Young" in an amount, in total, equivalent to Ten Thousand Six Hundred Eighty-One Dollars and Six Cents ($10,681.06), to be payable within thirty (30) calendar days after the Effective Date.

     **(f)**     A settlement payment in the form of a check made out to "Crystal Rivers" in an amount, in total, equivalent to Four Thousand Four Hundred Seventy-One Dollars and Forty-One Cents ($4,471.41), to be payable within thirty (30) calendar days after the Effective Date; and

     **(g)**     A settlement payment in the form of a check made out to "Kylie Schwartz a/k/a Grommersch" in an amount, in total, equivalent to Four Thousand Nine Dollars and Ninety-Two Cents ($4,009.92), to be payable within thirty (30) calendar days after the Effective Date; and

     **(h)**     A settlement payment in the form of a check made out to "Danielle Downing" in an amount, in total, equivalent to Three Thousand Six Hundred Thirty-Eight Dollars and Thirty-Two Cents ($3,638.32), to be payable within thirty (30) calendar days after the Effective Date; and

     **(i)**     A settlement payment in the form of a check made out to "Le'Tashia Stephens" in an amount, in total, equivalent to Three Thousand Seventy-One Dollars and Ninety-Two Cents ($3,071.92), to be payable within thirty (30) calendar days after the Effective Date; and

Doc ID: d72253ae10eb590215e3491ba41a153db3d3572d

**(j)**    A settlement payment in the form of a check made out to "Stacey Konan" in an amount, in total, equivalent to Three Thousand Forty-Seven Dollars and Ninety-Five Cents ($3,047.95), to be payable within thirty (30) calendar days after the Effective Date; and

**(k)**    A settlement payment in the form of a check made out to "Mutombo Muepu" in an amount, in total, equivalent to Two Thousand Four Hundred Forty-Eight Dollars and Sixty-One Cents ($2,448.61), to be payable within thirty (30) calendar days after the Effective Date; and

**(l)**    A settlement payment in the form of a check made out to "Vada Lawrence" in an amount, in total, equivalent to Two Hundred Seventy-Five Dollars and Forty-Nine Cents ($275.49), to be payable within thirty (30) calendar days after the Effective Date; and

**(m)**    A settlement payment in the form of a check made out to "Donata Boozier" in an amount, in total, equivalent to Two Hundred Seventy-Five Dollars and Forty-Eight Cents ($275.48), to be payable within thirty (30) calendar days after the Effective Date; and

**(n)**    A settlement payment in the form of a check made out to "Willena Moore" in an amount, in total, equivalent to Two Hundred Seventy-Five Dollars and Forty-Eight Cents ($275.48), to be payable within thirty (30) calendar days after the Effective Date; and

Collectively, the settlement payments made to Anita Moss, Jacqueline Gilchrist, Le'Tashia Stephens, Whitney Jones, Stacey Konan, Donata Boozier, Letresha Sutton, Vada Lawrence, Shameka Young, Crystal Rivers, Mutombo Stephane Muepu, Willena Moore a/k/a Virginia Moore, Kylie Grommersch a/k/a Kylie Schwartz, and Danielle Downing are hereinafter the "**Settlement Payments**". The Settlement Payments were fairly and proportionately determined by using the data provided by the Companies, analyzed and summarized by Plaintiffs' counsel in Exhibit A, attached hereto, and made a part hereof this Agreement.  Plaintiffs acknowledge that separate consideration is being paid as part of the Settlement Payments referenced herein, and as reflected on Exhibit A, to obtain a general release of any and all claims Plaintiffs may have against Companies as of the date of the execution of this agreement in addition to the settlement of any wage and hour claims by the Plaintiffs who execute this Agreement only.

The Parties agree that 50% of the $107,500.00 settlement payment to Named Plaintiff and each Opt-In Plaintiff outlined in Exhibit A shall constitute wages from which applicable payroll taxes shall be withheld and 50% of the $107,500.00 settlement payment to Named Plaintiff and each Opt-In Plaintiff outlined in Exhibit A shall constitute liquidated damages subject to an IRS Form 1099.  The employer's contribution to payroll taxes shall be paid by Companies.

### 4.    Release and Discharge.

Released Parties.  As used in this Agreement, "Released Parties" shall mean 1) Defendant, Senior Care Carolinas, PLLC and its past or present members, subsidiaries, parent companies, affiliates, divisions, corporations, and entities in common control, related entities, predecessors, successors or assigns and, with respect to each of them, all past or present officers, directors, shareholders, equity owners, partners, managers, supervisors, agents, insurers, advisors, attorneys, representatives, trustees, heirs, executors and administrators, 2) Innovative Healthcare Management, LLC, and its past or present

Doc ID: d72253ae10eb590215e3491ba41a153db3d3572d

members, subsidiaries, parent companies, affiliates, divisions, corporations and entities in common control, related entities, predecessors, successors or assigns and, with respect to each of them, all past or present officers, directors, shareholders, equity owners, partners, managers, supervisors, agents, insurers, advisors, attorneys, representatives, trustees, heirs, executors and administrators, and 3) Melissa Lynch, including her past, present and future assigns, agents (actual or ostensible), heirs, executors, administrators, personal representatives, brokers, representatives, employees, partners, successors, predecessors, affiliates, business entities, insurers, attorneys, and all persons or entities acting by, through, under or in concert with her.

a. <u>Plaintiffs' Release of Released Parties</u>. In consideration for the execution of this Agreement and performance of the promises contained in it and in recognition of the benefits to be derived therefrom, each named Plaintiff agrees to execute the release attached to this Agreement as Exhibit C, and do hereby and for themselves, their past, present and future assigns, agents (actual or ostensible), heirs, executors, administrators, personal representatives, brokers, representatives, employees, partners, successors, predecessors, affiliates, business entities, insurers, and all persons or entities acting by, through, under or in concert with him/her, release the Released Parties from all actions, causes of action, suits, debts, dues, sums of money, damages, judgments, executions, grievances, claims and demands whatsoever, in law or in equity, whether known or unknown, foreseen or unforeseen, which Plaintiffs ever had, now have, or may have which could have been raised in the Action and exist as of the date this Agreement is signed against Defendants, in the Action or otherwise. Plaintiffs acknowledge that this Agreement includes but is not limited to all wage and hour claims arising out of any state or federal wage, minimum wage, overtime or other compensation laws, including without limitation, the Fair Labor Standards Act and the North Carolina Wage and Hour Act, claims of alleged discrimination based upon age, race, color, sex, sexual orientation, marital status, religion, national origin, handicap, disability, or retaliation, or any other characteristic protected under federal, state or local laws or regulations, including any claim which could arise under Title VII of the Civil Rights Act of 1964, as amended; the Civil Rights Act of 1991; the Equal Pay Act of 1963; the Age Discrimination in Employment Act of 1967, as amended; the Older Workers Benefit Protection Act of 1990; the Americans With Disabilities Act of 1990; the Employee Retirement Income Security Act of 1974, as amended; the Consolidated Omnibus Budget Reconciliation Act of 1985; the Fair Credit Reporting Act; the Equal Pay Act; 42 U.S.C. Sections 1981 through 1988; the Occupational Safety and Health Administration Act; the Sarbanes Oxley Act of 2002; the Dodd-Frank Wall Street Reform and Consumer Protection Act; the Federal False Claims Act; the Family and Medical Leave Act of 1993; the Worker Adjustment and Retraining Notification Act of 1988; and any other federal, state or local laws, rules or regulations, whether equal employment opportunity laws, rules or regulations and any claim arising under the common law, including but not limited to causes of action for wrongful discharge and breach of contract (whether express or implied) and implied covenants of good faith and fair dealing, breach of any employee handbook or employee manual provisions, violation of any unwritten policies or practices and all claims in tort (including but not limited to, claims for misrepresentation, defamation, interference with contract or prospective economic advantage, infliction of emotional distress and negligence) and violations of public policy.

b. The releases set forth in paragraphs 4(a) of this Agreement do not prevent any Party from instituting an action to enforce any provision of this Agreement.

Doc ID: d72253ae10eb590215e3491ba41a153db3d3572d

**5.**     **Dismissal.**  Within twenty (20) business days of the Effective Date, the Parties will file a stipulation to dismiss the Action, attached Exhibit B to the Agreement.  The dismissal shall be with prejudice against Plaintiffs and the Opt-In Plaintiffs only.

**6.**     **Attorneys' Fees and Expenses and Incentive Award.**  In recognition of the time and effort of Moss and Plaintiffs' counsel in pursuing this action and in securing the Settlement Payments provided for herein, the Companies agree to pay the following that is to be delivered within 30 days following the effective date of this Agreement to Plaintiff's counsel's office at 602 East Morehead Street, Charlotte, North Carolina 28202:

      **(a)**     Attorneys' fees and advanced costs of Plaintiffs' counsel through the dismissal of this Action to be paid in the form of a check made out to GessnerLaw, PLLC in the amount of One Hundred Thirty Thousand Dollars ($130,000.00); and

      **(b)**     an incentive fee to be paid in the form of a check made out to "Anita Moss" in the amount of Twelve Thousand Five Hundred Dollars ($12,500.00) (the "**Incentive Payment**"), to be payable no later than thirty (30) days after the Effective Date.  The Companies and Moss agree the Incentive Payment should be treated as non-wage income and subject to IRS Form 1099 tax reporting, and thus the Companies will issue Moss a form 1099-MISC for the Incentive Payment.  Moss agrees that Moss shall be solely responsible for any taxes that may be due and owing by Moss as a result of the Incentive Payment, and agrees to indemnify and hold the Companies harmless against any claim or assessment by any taxing authority of the payment of taxes, fees or penalties resulting from this payment.

**7.**     **Confidentiality of this Agreement.**  Except as required by the Court in connection with obtaining the Court's final approval of the terms of this Agreement or as required or requested by government agencies including the US Department of Labor, the Parties agree to keep confidential and not to disclose to anyone the terms of this Agreement, including the amounts payable hereunder, other than to any Plaintiff's spouse, or any Party's tax or financial advisers, who also agree to keep the terms of this Agreement confidential (and for whom the disclosing Party agrees to be responsible for any breach of confidentiality).  Even if this Agreement is required by the Court to be filed in the public record, the Parties agree not to advertise or publicize the existence of this Agreement or any terms of this Agreement, including any amounts payable hereunder, to any media outlet, including by responding to any media inquiries, holding any press conferences, or directly or indirectly causing information about this Agreement or the terms of this Agreement to be published in any print media, the internet, or social media, including on Facebook, Twitter, Reddit, Snapchat, personal blogs and websites.

If required by law, notice to the appropriate federal and state officials in accordance with the Class Action Fairness Act shall be made by Defendants within ten (10) days after the filing of the joint motion for preliminary approval of this Settlement Agreement.

**8.**     **No Admission.**  Plaintiffs acknowledge that the Companies do not admit any liability or wrongdoing by entering into this Agreement.  Neither this Agreement nor anything contained here shall be admissible in any proceeding as evidence of an admission by the Companies of any violation of any law or regulation or of any liability whatsoever to Plaintiffs.

**9.** __No Waiver.__ No waiver by any Party of any breach of, or of compliance with, any condition or provision of this Agreement by any other Party shall be considered a waiver of any other condition or provision or of the same condition or provision at another time.

**10.** __Complete Agreement.__ This Agreement constitutes the entire agreement between the Parties with respect to the subject matter here and supersedes and cancels all prior or contemporaneous oral or written agreements and understandings between them with respect to the subject matter of this Agreement.

**11.** __Negotiated and Voluntary Agreement.__ The Parties represent that they have had adequate opportunity to consider the terms of this Agreement and that this Agreement is being entered into of their own free will. This Agreement has been negotiated between the Parties, and each Party has been represented by counsel in connection with the negotiation of this Agreement. In the event of any dispute over the interpretation of this Agreement, there shall be no rule of construction requiring that the Agreement be construed in favor of or against any of the Parties.

**12.** __Payment of Costs and Fees to Enforce Agreement.__ If there is future litigation between the Parties to enforce this Agreement, the prevailing party will be entitled to an award of that Party's reasonable and necessary attorneys' fees.

**13.** __Continuing Jurisdiction.__ The Court shall retain continuing and exclusive jurisdiction over the Parties for the purpose of the administration and enforcement of this Agreement.

**14.** __Governing Law; Venue.__ This Agreement shall be governed by and construed in accordance with the laws of the State of North Carolina (without regard to conflict of laws principles). The Parties each individually consent to the sole and exclusive venue and jurisdiction of the federal courts located in Mecklenburg County, North Carolina, for any dispute arising under this Agreement, and waive any defense of inconvenient forum and lack of jurisdiction on account of place of residence or domicile.

**15.** __Counterparts.__ This Agreement may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same agreement. Transmission of images of signed signature pages by facsimile, e-mail or other electronic means shall have the same effect as the delivery of manually signed documents in person.

**16.** __Assignment.__ Each Plaintiff individually represents and warrants that Plaintiff has not assigned or in any other manner conveyed any right or claim that Plaintiff has or may have to any third party, and Plaintiff shall not assign or convey to any assignee for any reason any right or claim covered by this Agreement or the consideration, monetary or other, to be received by Plaintiff pursuant to this Agreement. The Companies may assign its rights and obligations under this Agreement to any third party at its discretion.

**17.** __Effect Of Failure To Grant Approval.__ In the event the Court fails to enter an order approving the settlement in accordance with this Agreement, except as otherwise set forth in this Agreement, the Parties shall proceed as follows: The terms of this Agreement shall be void and the Action will resume unless either Party (a) seeks reconsideration or appellate review of the decision

Doc ID: d72253ae10eb590215e3491ba41a153db3d3572d

denying approval of settlement, or unless the parties jointly (b) attempt to renegotiate a settlement and seek Court approval of the re-negotiated settlement. In the event any reconsideration and/or appellate review is denied, the Parties shall have no further rights or obligations under this Agreement. The Parties will retain all rights and defenses in this Action, including Plaintiffs' rights to refile their Motion for Class Certification, and all negotiations and information and materials pertaining to the settlement will be inadmissible.

18. **Acknowledgements.** The Parties, and each of them, acknowledge, represent and warrant that: (a) this Agreement and its reduction to final written form is the result of extensive good faith negotiations between the Parties through their respective counsel; (b) that they have carefully reviewed and fully understand all of the terms and provisions of this Agreement, and that they executed this Agreement after having sufficient opportunity to read and understand this Agreement and after conferring with their respective counsel; (c) said counsel have carefully reviewed and examined this Agreement before execution by said Parties; (d) the Parties have executed this Agreement relying wholly upon their own judgment and advice of counsel of their independent selection, if any; (e) the Parties do not rely and have not relied upon any representation or statement made by any other Party or by any person affiliated with or representing any of the other Party with respect to any of the facts involved in the disputes compromised or with regard to the claims or asserted claims of either in that connection; (f) each Party assumes the risk of any mistake of fact in connection with the true facts involved in such disputes or in connection with any facts which are unknown to either Party; (g) each Party has willingly and knowingly entered into this Agreement following careful analysis of the law and the facts at issue in this dispute and after determining that this Agreement represents a fair and reasonable resolution of those disputes; (h) each Party acknowledges that this Agreement is not the result of fraud, duress or overreaching; and (i) any statute or rule of construction stating that ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

IN WITNESS WHEREOF, the Parties have each signed this Agreement as of the date set forth below:

By._____
Anita Moss

Date:_____
01 / 15 / 2021

By._____
Jacqueline Gilchrist

Date:_____
01 / 15 / 2021

By._____
Le'Tashia Stephens

Date:_____
01 / 15 / 2021

By._____
*Whitney Jones*

Whitney Jones

Date:_____
01 / 15 / 2021


By._____

Stacey Konan

Date:_____


By._____

Donata Boozier

Date:_____


By._____

Letresha Sutton

Date:_____
01 / 16 / 2021


By._____

Vada Lawrence

Date:_____
01 / 15 / 2021


By._____

Shameka Young

Date:_____
01 / 16 / 2021


By._____

Crystal Rivers

Date:_____
01 / 15 / 2021


By._____

Mutombo Stephane Muepu

Date:_____
01 / 18 / 2021

Doc ID: d72253ae10eb590215e3491ba41a153db3d3572d

By._____
      Whitney Jones

Date:_____

By._____
      Stacey Konan

Date:____January 20, 2021_____

By._____
      Donata Boozier

Date:_____

By._____
      Letresha Sutton

Date:_____

By._____
      Vada Lawrence

Date:_____

By._____
      Shameka Young

Date:_____

By._____
      Crystal Rivers

Date:_____

By._____
      Mutombo Stephane Muepu

Date:_____

By._____
Whitney Jones

Date:_____
01 / 15 / 2021

By._____
Stacey Konan

Date:_____

By._____
Donata Boozier

Date:_____
01 / 20 / 2021

By._____
Letresha Sutton

Date:_____
01 / 16 / 2021

By._____
Vada Lawrence

Date:_____
01 / 15 / 2021

By._____
Shameka Young

Date:_____
01 / 16 / 2021

By._____
Crystal Rivers

Date:_____
01 / 15 / 2021

By._____
Mutombo Stephane Muepu

Date:_____
01 / 18 / 2021

Doc ID: 67a888ea155680d9d8c39c4292c45a09e06672d

By._____ *Willena Moore*
   Willena Moore a/k/a Virginia Moore

Date:____01 / 15 / 2021____



By._____
   Kylie Grommersch a/k/a Kylie Schwartz

Date:_____



By._____ *Danielle Downing*
   Danielle Downing

Date:____01 / 21 / 2021____



By._____
   Senior Care Carolinas, PLLC, by
   [Corporate officer]

Date:_____



By._____
   Innovative Healthcare Management, LLC, by
   [Corporate officer]

Date:_____



By._____
   Melissa Lynch

Date:_____

By._____ *Willena Moore*

Willena Moore a/k/a Virginia Moore

Date:_____ 01 / 15 / 2021


By._____

Kylie Grommersch a/k/a Kylie Schwartz

Date:_____ 01 / 20 / 2021


By._____

Danielle Downing

Date:_____


By._____

Senior Care Carolinas, PLLC, by
[Corporate officer]

Date:_____


By._____

Innovative Healthcare Management, LLC, by
[Corporate officer]

Date:_____


By._____

Melissa Lynch

Date:_____

Doc ID: d7285f9ad850fd98395f363493cbeb947887b3d2672d

By._____ *Willena Moore*

     Willena Moore a/k/a Virginia Moore

Date:_____01 / 15 / 2021_____

By._____

     Kylie Grommersch a/k/a Kylie Schwartz

Date:_____

By._____

     Danielle Downing

Date:_____

By._____

     Senior Care Carolinas, PLLC, by

     [Corporate officer]

Date:_____

By._____

     Innovative Healthcare Management, LLC, by

     [Corporate officer]

Date:_____

By._____

     Melissa Lynch

Date:_____

Doc ID: d72253ae10eb590215e3491ba41a153db3d3572d

By._____
     Willena Moore a/k/a Virginia Moore

Date:_____


By._____
     Kylie Grommersch a/k/a Kylie Schwartz

Date:_____


By._____
     Danielle Downing

Date:_____


By._____
     Senior Care Carolinas, PLLC, by
     [Corporate officer]

Date: 1-20-21


By._____
     Innovative Healthcare Management, LLC, by
     [Corporate officer]

Date: 1-20-21

By._____
     Melissa Lynch

Date: 1-20-21

# EXHIBIT A

**Anita Moss**
($120,000 - $12,500 - $7,500 = $100,000)/500.54 workweeks = $199.78
$199.78  x 92.14 = **$18,407.73 + $12,500 (incentive) + $1275 (general release) = $32,182.73**

$   9,841.36 – W2 Wages
$   9,841.37 – 1099
$ 12,500.00 – 1099
**$ 32,182.73**


**Jacqueline Gilchrist**
($120,000 - $12,500 - $7,500 = $100,000)/500.54 workweeks = $199.78
$199.78 x 108.49 = **$21,674.13  + $1275 (general release) = $22,949.13**

$  11,474,56  – W2 Wages
$  11,474.57 – 1099
**$  22,949.13**

**Whitney Jones**
($120,000 - $12,500 - $7,500 = $100,000)/500.54 workweeks = $199.78
$199.78 x 76.71 = **$15,325.12 + $1125  (general release) = $16,450.12**

$  8,225.06  – W2 Wages
$  8,225.06  – 1099
**$16,450.12**

**Letresha Sutton**
($120,000 - $12,500 - $7,500 = $100,000)/500.54 workweeks = $199.78
$199.78 x 75.57 = **$15,097.38  + $1125 (general release) = $16,222.38**

$  8,111.19  – W2 Wages
$  8,111.19 – 1099
**$16,222.38**

**Shameka Young**
($120,000 - $12,500 - $7,500 = $100,000)/500.54 workweeks = $199.78
$199.78 x 49.71 = **$9,931.06 + $750 (general release) = $10,681.06**

$  5,340.53  – W2 Wages
$  5,340.53  – 1099
**$10,681.06**

Doc ID: d72253ae10eb590215e3491ba41a153db3d3572d

**Crystal Rivers**
($120,000 - $12,500 - $7,500 = $100,000)/500.54 workweeks = $199.78
$199.78 x 20.88 = **$4,171.41 + $300 (general release) = $4,471.41**

$ 2,235.70  – W2 Wages
$ 2,235.71  – 1099
**$4,471.41**

**Kylie Schwartz a/k/a Kylie Grommersch**
($120,000 - $12,500 - $7,500 = $100,000)/500.54 workweeks = $199.78
$199.78 x 18.57 = **$3,709.92 + $300 (general release) = $4,009.92**

$ 2,004.96  – W2 Wages
$ 2,004.96  – 1099
**$ 4,009.92**

**Danielle Downing**
($120,000 - $12,500 - $7,500 = $100,000)/500.54 workweeks = $199.78
$199.78 x 16.71 = **$3,338.32 + $300 (general release) = $3,638.32**

$ 1,819.16  – W2 Wages
$ 1,819.16  – 1099
**$ 3,638.32**

**Le'Tashia Stephens**
($120,000 - $12,500 - $7,500 = $100,000)/500.54 workweeks = $199.78
$199.78 x 14 = **$2,796.92 + $275 (general release) = $3,071.92**

$ 1,535.96  – W2 Wages
$ 1,535.96  – 1099
**$ 3,071.92**

**Stacey Konan**
($120,000 - $12,500 - $7,500 = $100,000)/500.54 workweeks = $199.78
$199.78 x 13.88 = **$2,772.95 + $275 (general release) = $3,047.95**

$ 1,523.97 – W2 Wages
$ 1,523.98  -  1099
**$ 3,047.95**

Doc ID: d72253ae10eb590215e3491ba41a153db3d3572d

**Mutombo Muepu**
($120,000 - $12,500 - $7,500 = $100,000)/500.54 workweeks = $199.78
$199.78 x 10.88 = **$2,173.61 + 275 (general release) = $2,448.61**

$ 1,224.30 – W2 Wages
$ 1,224.31 - 1099
**$ 2,448.61**

**Vada Lawrence**
($120,000 - $12,500 - $7,500 = $100,000)/500.54 workweeks = $199.78
$199.78 x 1 = **$199.78 + 75.71 (general release) = $275.49**

$ 137.74 – W2 Wages
$ 137.75 - 1099
**$ 275.49**

**Donata Boozier**
($120,000 - $12,500 - $7,500 = $100,000)/500.54 workweeks = $199.78
$199.78 x 1 = **$199.78 + 75.70 (general release) = $275.48**

$ 137.74 – W2 Wages
$ 137.74 - 1099
**$ 275.48**

**Willena Moore a/k/a Virginia Moore**
($120,000 - $12,500 - $7,500 = $100,000)/500.54 workweeks = $199.78
$199.78 x 1 = **$199.78 + 75.70 (general release) = $275.48**

$ 137.74 – W2 Wages
$ 137.74 - 1099
**$ 275.48**

**TOTAL $120,000**

Doc ID: d72253ae10eb590215e3491ba41a153db3d3572d

EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-137

| | |
|---|---|
| ANITA MOSS, ON BEHALF OF HERSELF AND OTHERS SIMILARLY SITUATED,<br><br>Plaintiff<br><br>v.<br><br>SENIOR CARE CAROLINAS, PLLC, INNOVATIVE HEALTHCARE MANAGEMENT, LLC and MELISSA LYNCH,<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

STIPULATION OF DISMISSAL

NOW COMES the named Plaintiff Anita Moss, on behalf of herself and others similarly situated and Defendants Senior Care Carolinas, PLLC, Innovative Healthcare Management, LLC, and Melissa Lynch, by and through their undersigned counsel, and hereby voluntarily stipulate that this action shall be dismissed pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. The parties stipulate that all claims only as to Named Plaintiff Anita Moss and Opt-In Plaintiffs Jacqueline Gilchrist, Le'Tashia Stephens, Whitney Jones, Stacey Konan, Donata Boozier, Letresha Sutton, Vada Lawrence, Shameka Young, Crystal Rivers, Mutombo Stephane Muepu, Willena Moore a/k/a Virginia Moore, Kylie Grommersch a/k/a Kylie Schwartz, and Danielle Downing (collectively "Plaintiffs"), should be dismissed with prejudice.

Doc ID: d72253ae10eb590215e3491ba41a153db3d3572d

By and through their undersigned counsel, the parties further stipulate that each party to this action shall bear his own costs and attorney's fees except as otherwise agreed.

This, the _____ day of _____, 2021.


*/s/ L. Michelle Gessner*
L. Michelle Gessner, NC Bar #26590
GESSNERLAW, PLLC
602 East Morehead Street
G.G. Galloway House
Charlotte, NC   28202
(704) 234-7442
(980) 206-0286(fax)
michelle@mgessnerlaw.com
*Counsel for Plaintiffs*


*/s/ Ryan D. Bolick*
Ryan D. Bolick, NC Bar #26482
Virginia M. Wooten, NC Bar #48180
P.O. Box 30787
Charlotte, NC 28230
Telephone (704) 332-8300
Facsimile (704) 332-9994
rbolick@cshlaw.com
vwooten@cshlaw.com
*Counsel for Defendants*

Doc ID: d72253ae10eb590215e3491ba41a153db3d3572d

EXHIBIT C

**Release**

1.  I, _____, sign and execute the following release for the purpose of fully and finally settling all my claims against Defendants Senior Care Carolinas, PLLC; Innovative Healthcare Management, LLC; and Melissa Lynch.

2.  In return for consideration set forth in this Agreement, including but not limited to Paragraphs Three (3), Six (6) and Exhibit A, I hereby fully and finally release, acquit, discharge, and forever hold blameless the Released Parties (as defined in Agreement) from all actions, causes of action, suits, debts, dues, sums of money, damages, judgments, executions, grievances, claims and demands whatsoever, in law or in equity, whether known or unknown, foreseen or unforeseen, which I ever had, now have, or may have which could have been raised in the Action and exist as of the date this Agreement is signed against Defendants, in the Action or otherwise. I acknowledge that this Agreement includes but is not limited to all wage and hour claims arising out of any state or federal wage, minimum wage, overtime or other compensation laws, including without limitation, the Fair Labor Standards Act and the North Carolina Wage and Hour Act, claims of alleged discrimination based upon age, race, color, sex, sexual orientation, marital status, religion, national origin, handicap, disability, or retaliation, or any other characteristic protected under federal, state or local laws or regulations, including any claim which could arise under Title VII of the Civil Rights Act of 1964, as amended; the Civil Rights Act of 1991; the Equal Pay Act of 1963; the Age Discrimination in Employment Act of 1967, as amended; the Older Workers Benefit Protection Act of 1990; the Americans With Disabilities Act of 1990; the Employee Retirement Income Security Act of 1974, as amended; the Consolidated Omnibus Budget Reconciliation Act of 1985; the Fair Credit Reporting Act; the Equal Pay Act; 42 U.S.C.

Doc ID: d72253ae10eb590215e3491ba41a153db3d3572d

Sections 1981 through 1988; the Occupational Safety and Health Administration Act; the Sarbanes Oxley Act of 2002; the Dodd-Frank Wall Street Reform and Consumer Protection Act; the Federal False Claims Act; the Family and Medical Leave Act of 1993; the Worker Adjustment and Retraining Notification Act of 1988; and any other federal, state or local laws, rules or regulations, whether equal employment opportunity laws, rules or regulations and any claim arising under the common law, including but not limited to causes of action for wrongful discharge and breach of contract (whether express or implied) and implied covenants of good faith and fair dealing, breach of any employee handbook or employee manual provisions, violation of any unwritten policies or practices and all claims in tort (including but not limited to, claims for misrepresentation, defamation, interference with contract or prospective economic advantage, infliction of emotional distress and negligence) and violations of public policy.

3. I declare that:

   a. I acknowledge that I have been informed of my right to consult with an attorney before executing this Release and that I have had the opportunity to consult with an attorney;

   b. I understand that I am specifically releasing, among other claims, any claims under the Age Discrimination in Employment Act of 1967 and all amendments thereto. I expressly represent and warrant that I was advised in writing that I had at least twenty-one (21) days in which to consider this Release.  I further understand that for a period of seven (7) days following the execution of this Release upon written notice, I may revoke it, and it will not become effective or enforceable until the time for revocation has expired.  I further acknowledge that while I have been advised in writing that I am entitled to at least twenty-one (21) days to consider the terms of this Release, I knowingly elected not to

Doc ID: d72253ae10eb590215e3491ba41a153db3d3572d

avail myself of the full twenty-one (21) day period before entering into and executing this Release;

c. I acknowledge that I voluntarily and knowingly signed this Release in exchange for valuable consideration that I would not have otherwise received.;

d. Except as required by the court or law, I agree to keep confidential and not to disclose to anyone the terms of this Agreement, including the amounts payable hereunder, other than to my spouse, or my tax or financial advisers, who also agree to keep the terms of this Agreement confidential and for whom I agree to be responsible for any breach of confidentiality; and

e. I understand that I am not waiving any rights or claims that may arise after the date that this Agreement is signed by me.

4. I have read this Release and I fully understand it to be a compromised settlement and release of all claims. I affirm and guarantee that I am legally competent to sign this Release, which I have done of my own free will.

SIGNED AND EXECUTED in accordance with and in furtherance of the provisions of the Settlement Agreement to which this Release is attached.

Dated: _____          _____

PRINTED NAME: _____

Signature: _____

Doc ID: d72253ae10eb590215e3491ba41a153db3d3572d

Summary of Unpaid Wages

**U.S. Department of Labor**
Wage and Hour Division



| Office Address: | Charlotte NC Area Office<br>US Dept of Labor, ESA<br>Wage and Hour Division<br>3800 Arco Corporate Drive Ste 460<br>Charlotte, NC 28273-3436<br>704-749-3360 | | Investigator:<br>Debra Hull | | Date:<br>01/27/2020 |
| --- | --- | --- | --- | --- | --- |
| | | | Employer Fed Tax ID Number: | 47-1420031 | |

| 1. Name | 2. Address | 3. Period Covered by Work Week Ending Dates | 4. Act(s) | 5. BWs Due | Total |
| --- | --- | --- | --- | --- | --- |
| Blaha, ■ | ■ | 10/14/2017 to 05/04/2019 | FLSA | $2,169.19 | $2,169.19 |
| | | | | $2,169.19 | $2,169.19 |
| Bove, ■ | ■ | 01/26/2019 to 03/02/2019 | FLSA | $105.10 | $105.10 |
| | | | | $105.10 | $105.10 |
| Gatling, ■ | ■ | 10/14/2017 to 06/08/2019 | FLSA | $7,578.99 | $7,578.99 |
| | | | | $7,578.99 | $7,578.99 |
| Gilcrest, Jacqueline | 17725 Hatton Park Road Apt 2F Charlotte, NC 28262 | 11/04/2017 to 10/12/2019 | FLSA | $5,688.70 | $5,688.70 |
| | | | | $5,688.70 | $5,688.70 |
| Hill, ■ | ■ | 10/14/2017 to 06/15/2019 | FLSA | $745.68 | $745.68 |
| | | | | $745.68 | $745.68 |
| Jenkins, ■ | ■ | 04/20/2019 to 05/11/2019 | FLSA | $478.95 | $478.95 |
| | | | | $478.95 | $478.95 |

| I agree to pay the listed employees the amount due shown above by 03/15/2020<br><br>Signed: _[signature]_<br><br>Date: 1-27-20 | Employer Name and Address:<br>Senior Care Carolinas<br>Senior Care Carolinas, PLLC<br>19401 Old Jetton Rd Suite 100<br>Cornelius NC 28031 | Subtotal: | $16,766.61 | $16,766.61 |
| --- | --- | --- | --- | --- |

Form WH-56

Date: 01/27/2020 9:13:00 AM        Case ID: 1888702        Page 1

# Summary of Unpaid Wages

**U.S. Department of Labor**
Wage and Hour Division



| Office Address: | Charlotte NC Area Office<br>US Dept of Labor, ESA<br>Wage and Hour Division<br>3800 Arco Corporate Drive Ste 460<br>Charlotte, NC 28273-3436<br>704-749-3360 | | Investigator:<br>Debra Hull | | Date:<br>01/27/2020 |
| --- | --- | --- | --- | --- | --- |
| | | | Employer Fed Tax ID Number: | 47-1420031 | |

| 1. Name | 2. Address | 3. Period Covered by Work Week Ending Dates | 4. Act(s) | 5. BWs Due | Total |
| --- | --- | --- | --- | --- | --- |
| Lee, ███ | ████████ | 10/14/2017 to 08/03/2019 | FLSA | $461.99 | $461.99 |
| | | | | $461.99 | $461.99 |
| Little, ███ | ████████ | 10/14/2017 to 09/01/2018 | FLSA | $956.99 | $956.99 |
| | | | | $956.99 | $956.99 |
| McClean, ███ | ████████ | 08/25/2018 to 11/03/2018 | FLSA | $149.59 | $149.59 |
| | | | | $149.59 | $149.59 |
| Moss, Anita | 1610 Ivy Moss Meadows Drive<br>Charlotte, NC 28213 | 11/25/2017 to 05/11/2019 | FLSA | $5,709.66 | $5,709.66 |
| | | | | $5,709.66 | $5,709.66 |
| Patterson, ███ | ████████ | 04/13/2019 to 05/04/2019 | FLSA | $109.44 | $109.44 |
| | | | | $109.44 | $109.44 |
| Sutton, ███ | ████████ | 12/29/2018 to 05/25/2019 | FLSA | $1,065.53 | $1,065.53 |
| | | | | $1,065.53 | $1,065.53 |

| I agree to pay the listed employees the amount due shown above by 03/15/2020<br><br>Signed: _____<br><br>Date: 1-27-20 | Employer Name and Address:<br>Senior Care Carolinas<br>Senior Care Carolinas, PLLC<br>19401 Old Jetton Rd Suite 100<br>Cornelius NC 28031 | Subtotal: | $8,453.20 | | $8,453.20 |
| --- | --- | --- | --- | --- | --- |

Form WH-56

Doc ID: d72253ae10eb590215e3491ba41a153db3d3572d

# Summary of Unpaid Wages

**U.S. Department of Labor**
Wage and Hour Division



| Office Address: | Charlotte NC Area Office<br>US Dept of Labor, ESA<br>Wage and Hour Division<br>3800 Arco Corporate Drive Ste 460<br>Charlotte, NC 28273-3435<br>704-749-3360 | | Investigator:<br>Debra Hull | | | Date:<br>01/27/2020 |
|---|---|---|---|---|---|---|
| | | | Employer Fed Tax ID Number: | | 47-1420031 | |

| 1. Name | 2. Address | 3. Period Covered by Work Week Ending Dates | 4. Act(s) | 5. BWs Due | Total |
|---|---|---|---|---|---|
| Sutton, Latresha | 8700 Mission Hills Road<br>Charlotte, NC 28227 | 10/14/2017<br>to<br>11/10/2018 | FLSA | $3,786.04 | $3,786.04 |
| | | | | $3,786.04 | $3,786.04 |
| Swingler, ███ | ████████ | 07/21/2018<br>to<br>05/11/2019 | FLSA | $908.59 | $908.59 |
| | | | | $908.59 | $908.59 |

| I agree to pay the listed employees the amount due shown above by 03/15/2020<br><br>Signed: _____<br><br>Date: 1-27-20 | Employer Name and Address:<br>Senior Care Carolinas<br>Senior Care Carolinas, PLLC<br>19401 Old Jetton Rd Suite 100<br>Cornelius NC 28031 | Subtotal: | $4,694.63 | $4,694.63 |
|---|---|---|---|---|
| | | Total: | $29,914.44 | $29,914.44 |

Form WH-56

Date: 01/27/2020 9:13:00 AM    Case ID: 1888702    Page 3

Doc ID: d72253ae10eb590215e3491ba41a153db3d3572d

UNITED STATES DEPARTMENT OF LABOR
WAGE AND HOUR DIVISION
--------------------------------
IN THE MATTER OF:
Senior Care Carolinas
--------------------------------

## BACK WAGE COMPLIANCE AND PAYMENT AGREEMENT

This agreement is entered into 01/23/2020 by and between the Secretary of Labor, United States Department of Labor (hereinafter referred to as "the Secretary"), and Senior Care Carolinas (hereinafter referred to as "the employer").

The Secretary, through Investigator Hull of the Wage and Hour Division, United States Department of Labor, conducted an investigation of the employer's business under the Fair Labor Standards Act. The main office of the employer is located at 19401 Old Jetton Rd Suite 100, Cornelius NC 28031. The investigation covered the employer's operations from 10/12/2017 to 10/11/2019.

As a result of that investigation monetary violations were found resulting in 14 employee(s) due back wages in the amount of $29,914.44.

In order to resolve this matter, the parties to this Agreement stipulate and agree to the following:

　　1.　The employer represents that it is presently in full compliance with all applicable provisions of the Fair Labor Standards Act, and will continue to comply therewith in the future.

　　2.　The employer agrees to pay the back wages due the employees in question in the amounts shown for the periods indicated on the Summary of Unpaid Wages and the Listing of Payments by Employee both of which are attached hereto and made a part hereof.

　　3.　Senior Care Carolinas agrees to pay directly to the employees the amounts due (less legal payroll deductions) on or before each payment date set forth in the Schedule of Payments below and to deliver to the Secretary's representative by the 15th of each month evidence of payment

Amounts and payment due dates under the Installment Agreement are set forth in the Schedule of Payments below:

Initial Payment: $0.00

| Payment No. | Date Due | Amount Due | Interest Due | Total Due |
|---|---|---|---|---|
| 1 | 03/15/2020 | $4,965.00 | $49.86 | $5,014.86 |
| 2 | 04/15/2020 | $4,973.28 | $41.58 | $5,014.86 |
| 3 | 05/15/2020 | $4,981.57 | $33.29 | $5,014.86 |
| 4 | 06/15/2020 | $4,989.87 | $24.99 | $5,014.86 |
| 5 | 07/15/2020 | $4,998.19 | $16.67 | $5,014.86 |
| 6 | 08/15/2020 | $5,006.53 | $8.34 | $5,014.87 |

Doc ID: d72253ae10eb590215e3491ba41a153db3d3572d

| Payment No. | Date Due | Amount Due | Interest Due | Total Due |
|---|---|---|---|---|
| | Totals: | $29,914.44 | $174.73 | $30,089.17 |

4. The employer has the right to prepay the installment agreement in part or in full at any time without penalty. The employer also has the right to make additional payments towards the principal on any installment due date, but if the employer exercises this privilege, it will not excuse payments due in subsequent months.

5. Should the employer fail to make any agreed payment as scheduled, the entire unpaid balance will immediately become due and payable, together with such additional collection and court costs as may be incurred by the U.S. Department of Labor in pursuing collection.

6. The employer agrees to provide the Secretary's representative with a listing of all unlocated employees, their last known address, social security number (if possible), and their gross and net amounts due as soon as the employer determines that they are unable to locate an employee due back wages, but no later than 30 days from the employer's initial attempt to pay that employee. The District Office will notify the employer when a person has been located to issue a check. The employer should indicate what means were used to attempt to locate the employee.

7. In the event that any employees cannot be located, or refuse to accept the back wages, the employer agrees to deliver to the Secretary's representative a cashier's or certified check, payable to "Wage and Hour Division - Labor" to cover the total net due all such employees on or before 11/13/2020. After three years, any monies which have not been distributed because of inability to locate the proper persons or because of their refusal to accept payment shall be covered into the Treasury of the United States as miscellaneous receipts.

8. The employer agrees to provide the Secretary's representative no later than 11/13/2020 any remaining signed WH-56 receipt forms not yet provided to Wage and Hour or a canceled check (or some reasonable facsimile) for every person the employer has paid per this agreement.

9. The employer hereby waives all rights and defenses which may be available by virtue of statute of limitations, including but not limited to section 6 of the Portal-to-Portal Act (29 U.S.C. 255).

10. This debt is subject to the assessment of interest, administrative cost charges and penalties in accordance with the Debt Collection Improvement Act of 1996 and departmental policies. Interest will be assessed at the Treasury Tax and loan account rate on any principal that becomes delinquent. This rate is currently 2.0 %. Administrative cost charges will be assessed to help defray the Government's cost. A penalty at the rate of 6.0 % will be assessed on any portion of the debt remaining delinquent for more than 90 days.

11. In the event of default, the Department intends to pursue additional collection action that may include, but is not limited to, administrative offset, referral of the account to credit reporting agencies, private collection agencies, and/or the Department of Justice.

12. Any rights to challenge or contest the validity of this Agreement are hereby waived.

13. By entering into this agreement, the Wage Hour Division does not waive its right to conduct future investigations under the Fair Labor Standards Act and to take appropriate enforcement action, including assessment of civil money penalties, with respect to any violations disclosed by such investigations.

Approved by the following parties:

Senior Care Carolinas
BY ITS OFFICER

Title _Owner_

Dated: _1-27-20_

UNITED STATES DEPARTMENT OF LABOR
WAGE AND HOUR DIVISION

District Director

Dated: _11-27-2020_

Doc ID: d72253ae10eb590215e3491ba41a153db3d3572d

 **HELLOSIGN**

Audit Trail

| | |
|---|---|
| **TITLE** | Moss et al v. Senior Care et al - Settlement Agreement |
| **FILE NAME** | MOSS et al v. SEN...ENT AGREEMENT.pdf |
| **DOCUMENT ID** | d72253ae10eb590215e3491ba41a153db3d3572d |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Out For Signature |

## Document History

**SENT**
01 / 15 / 2021
15:00:18 UTC-5

Sent for signature to Anita Moss (anitamoss4979@gmail.com), Jacqueline Gilchrist (jacqueline.gilchrist@icloud.com), Donata Boozier (donatal@hotmail.com), Whitney Jones (jwhitney2288@gmail.com), Stacey Konan (staceyjkonan@gmail.com), Vada Lawrence (vadalaw7623@gmail.com), Mutumbo Muepu (muepumutombo@hotmail.com), Crystal Rivers (crivers002@yahoo.com), Le&#39;Tashia Stephens (letashia.stephens@gmail.com), Latresha Sutton (treshas36@gmail.com), Shameka Young (mekayoung76@yahoo.com), Willena Moore (virginiamoore1965@gmail.com) and Danielle Downing (determined35@hotmail.com) from michelle@mgessnerlaw.com
IP: 173.92.142.10

**VIEWED**
01 / 15 / 2021
15:01:02 UTC-5

Viewed by Shameka Young (mekayoung76@yahoo.com)
IP: 172.58.157.220

**VIEWED**
01 / 15 / 2021
15:07:44 UTC-5

Viewed by Crystal Rivers (crivers002@yahoo.com)
IP: 108.236.16.228

Powered by **HELLOSIGN**

 **HELLOSIGN**

Audit Trail

| | |
|---|---|
| **TITLE** | Moss et al v. Senior Care et al - Settlement Agreement |
| **FILE NAME** | MOSS et al v. SEN...ENT AGREEMENT.pdf |
| **DOCUMENT ID** | d72253ae10eb590215e3491ba41a153db3d3572d |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Out For Signature |

## Document History

| | | |
|---|---|---|
| SIGNED | **01 / 15 / 2021**<br>15:09:08 UTC-5 | Signed by Crystal Rivers (crivers002@yahoo.com)<br>IP: 108.236.16.228 |
| VIEWED | **01 / 15 / 2021**<br>15:17:41 UTC-5 | Viewed by Anita Moss (anitamoss4979@gmail.com)<br>IP: 172.58.159.225 |
| VIEWED | **01 / 15 / 2021**<br>15:18:19 UTC-5 | Viewed by Whitney Jones (jwhitney2288@gmail.com)<br>IP: 71.75.198.254 |
| SIGNED | **01 / 15 / 2021**<br>15:23:32 UTC-5 | Signed by Anita Moss (anitamoss4979@gmail.com)<br>IP: 172.58.159.225 |
| SIGNED | **01 / 15 / 2021**<br>15:43:54 UTC-5 | Signed by Whitney Jones (jwhitney2288@gmail.com)<br>IP: 71.75.198.254 |

Powered by **HELLOSIGN**



| | |
|---|---|
| **TITLE** | Moss et al v. Senior Care et al - Settlement Agreement |
| **FILE NAME** | MOSS et al v. SEN...ENT AGREEMENT.pdf |
| **DOCUMENT ID** | d72253ae10eb590215e3491ba41a153db3d3572d |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Out For Signature |

## Document History

| | | |
|---|---|---|
| **VIEWED** | **01 / 15 / 2021** 16:35:28 UTC-5 | Viewed by Jacqueline Gilchrist (jacqueline.gilchrist@icloud.com) IP: 172.73.150.132 |
| **SIGNED** | **01 / 15 / 2021** 16:36:15 UTC-5 | Signed by Jacqueline Gilchrist (jacqueline.gilchrist@icloud.com) IP: 172.73.150.132 |
| **VIEWED** | **01 / 15 / 2021** 17:56:02 UTC-5 | Viewed by Le&#39;Tashia Stephens (letashia.stephens@gmail.com) IP: 97.89.104.46 |
| **SIGNED** | **01 / 15 / 2021** 17:56:40 UTC-5 | Signed by Le&#39;Tashia Stephens (letashia.stephens@gmail.com) IP: 97.89.104.46 |
| **VIEWED** | **01 / 15 / 2021** 18:15:45 UTC-5 | Viewed by Willena Moore (virginiamoore1965@gmail.com) IP: 71.75.229.151 |

Powered by ▼ **HELLOSIGN**



| | |
|---|---|
| **TITLE** | Moss et al v. Senior Care et al - Settlement Agreement |
| **FILE NAME** | MOSS et al v. SEN...ENT AGREEMENT.pdf |
| **DOCUMENT ID** | d72253ae10eb590215e3491ba41a153db3d3572d |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Out For Signature |

## Document History

| | | |
|---|---|---|
| SIGNED | **01 / 15 / 2021**<br>18:17:04 UTC-5 | Signed by Willena Moore (virginiamoore1965@gmail.com)<br>IP: 71.75.229.151 |
| VIEWED | **01 / 15 / 2021**<br>21:00:05 UTC-5 | Viewed by Vada Lawrence (vadalaw7623@gmail.com)<br>IP: 172.58.155.106 |
| SIGNED | **01 / 15 / 2021**<br>21:04:35 UTC-5 | Signed by Vada Lawrence (vadalaw7623@gmail.com)<br>IP: 172.58.155.106 |
| SIGNED | **01 / 16 / 2021**<br>10:12:45 UTC-5 | Signed by Shameka Young (mekayoung76@yahoo.com)<br>IP: 172.58.157.3 |
| VIEWED | **01 / 16 / 2021**<br>11:49:55 UTC-5 | Viewed by Latresha Sutton (treshas36@gmail.com)<br>IP: 172.58.157.152 |
| SIGNED | **01 / 16 / 2021**<br>11:50:30 UTC-5 | Signed by Latresha Sutton (treshas36@gmail.com)<br>IP: 172.58.157.152 |



| | |
|---|---|
| **TITLE** | Moss et al v. Senior Care et al - Settlement Agreement |
| **FILE NAME** | MOSS et al v. SEN...ENT AGREEMENT.pdf |
| **DOCUMENT ID** | d72253ae10eb590215e3491ba41a153db3d3572d |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Out For Signature |

## Document History

| | | |
|---|---|---|
| ◉ VIEWED | **01 / 18 / 2021** <br> 07:03:47 UTC-5 | Viewed by Mutumbo Muepu (muepumutombo@hotmail.com) <br> IP: 75.190.98.171 |
| ✒ SIGNED | **01 / 18 / 2021** <br> 07:05:35 UTC-5 | Signed by Mutumbo Muepu (muepumutombo@hotmail.com) <br> IP: 75.190.98.171 |
| ⊖ INCOMPLETE | **01 / 18 / 2021** <br> 07:05:35 UTC-5 | This document has not been fully executed by all signers. |

 **HELLOSIGN**

| | |
|---|---|
| **TITLE** | Boozier - Settlement Agreement |
| **FILE NAME** | 2021-01-20 - EXEC...eement - MOSS.pdf |
| **DOCUMENT ID** | fdf38889eab57dfd79a8105b2d292c42c0980667 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

## Document History

**SENT**
**01 / 20 / 2021**
10:46:33 UTC-5

Sent for signature to Donata Boozier (donota1@hotmail.com)
from michelle@mgessnerlaw.com
IP: 173.92.142.10

**VIEWED**
**01 / 20 / 2021**
16:08:19 UTC-5

Viewed by Donata Boozier (donota1@hotmail.com)
IP: 172.72.3.104

**SIGNED**
**01 / 20 / 2021**
16:09:21 UTC-5

Signed by Donata Boozier (donota1@hotmail.com)
IP: 172.72.3.104

**COMPLETED**
**01 / 20 / 2021**
16:09:21 UTC-5

The document has been completed.

Powered by **HELLOSIGN**

 **HELLOSIGN**

| | |
|---|---|
| **TITLE** | Downing - Settlement Agreement |
| **FILE NAME** | 2021-01-20 - EXEC...eement - MOSS.pdf |
| **DOCUMENT ID** | 310a3e951a0545135e2764be0890790b56eccfc8 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

## Document History

**SENT**
**01 / 20 / 2021**
10:08:16 UTC-5

Sent for signature to Danielle Downing (determined35@hotmail.com) from michelle@mgessnerlaw.com
IP: 173.92.142.10

**VIEWED**
**01 / 21 / 2021**
11:31:23 UTC-5

Viewed by Danielle Downing (determined35@hotmail.com)
IP: 98.24.17.203

**SIGNED**
**01 / 21 / 2021**
11:31:45 UTC-5

Signed by Danielle Downing (determined35@hotmail.com)
IP: 98.24.17.203

**COMPLETED**
**01 / 21 / 2021**
11:31:45 UTC-5

The document has been completed.

 **HELLOSIGN**

| | |
|---|---|
| **TITLE** | Grommersch - Settlement Agreement |
| **FILE NAME** | 2021-01-20 - EXEC...eement - MOSS.pdf |
| **DOCUMENT ID** | 4705fd9d35ffc98395d36ee8bbeb9f78871bc2ea |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

## Document History

| | | |
|---|---|---|
| **SENT** | **01 / 20 / 2021**<br>09:58:46 UTC-5 | Sent for signature to Kylie Grommersch (kyliegrommersch@gmail.com) from michelle@mgessnerlaw.com<br>IP: 173.92.142.10 |
| **VIEWED** | **01 / 20 / 2021**<br>09:59:05 UTC-5 | Viewed by Kylie Grommersch (kyliegrommersch@gmail.com)<br>IP: 107.77.237.198 |
| **SIGNED** | **01 / 20 / 2021**<br>09:59:28 UTC-5 | Signed by Kylie Grommersch (kyliegrommersch@gmail.com)<br>IP: 107.77.237.198 |
| **COMPLETED** | **01 / 20 / 2021**<br>09:59:28 UTC-5 | The document has been completed. |

Powered by **HELLOSIGN**