# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# Civil Action No. 3:20-cv-0137

| | |
|---|---|
| ANITA MOSS *on behalf of herself and all others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> SENIOR CARE CAROLINAS, PLLC, INNOVATIVE HEALTHCARE MANAGEMENT, LLC and MELISSA LYNCH, <br><br> Defendants. | **ORDER APPROVING SETTLEMENT** |

THIS MATTER is before the Court on the parties' Joint Motion for Approval of Settlement Agreement (Doc. No. 41). The parties have agreed and all have duly executed a Settlement and General Release Agreement dated December 29, 2019 (the "Settlement Agreement"), which includes provisions to cooperate in seeking to obtain judicial approval of the terms of the settlement. For the reasons discussed briefly below, the Court will GRANT the parties' joint motion.

Plaintiffs asserted claims against the Defendants alleging violations of the Fair Labor Standards Act ("FLSA") and the North Carolina Wage and Hour Act. Defendants denied these allegations. Counsel for the Parties conducted thorough investigations and evaluated the claims and defenses, engaged in substantial discovery, and reached a settlement after a mediation between the Parties.

Now, while still maintaining their different positions on the merits of the Plaintiff's claims, the parties have agreed to settle their dispute to avoid the risk and expense of further litigation. "Parties are typically permitted, and often encouraged, to reach private settlements." *Baker v. Dolgencorp, Inc*., 818 F. Supp. 2d 940, 942 (E.D. Va. 2011). However, settlements of FLSA cases are different because those cases cannot be settled without a court finding that the settlement is fair and reasonable. *See*, e.g., *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982); *Taylor v. Progress Energy*, 493 F.3d 454, 460 (4th Cir. 2007).

After a careful and thorough review of the parties' Settlement Agreement (Doc. No. 41-1), the Court finds the terms of the Parties' settlement of this contested case are fair, reasonable, and in the best interest of Plaintiffs. The proposed settlement is procedurally fair and was reached through vigorous, arm's-length negotiations and after experienced counsel had evaluated the merits of Plaintiff's claims. On December 21, 2020, the Parties participated in a full-day mediation session with an experienced employment mediator. Over the next couple of weeks, the Parties continued to negotiate the settlement, which they memorialized in the Settlement Agreement.

The Settlement Agreement reflects a reasonable compromise of disputed issues and the parties have been represented by counsel who has protected their respective rights in this matter.

With respect to Plaintiffs' attorneys' fees, the Court will, under the particular circumstances of this case (including, but not limited to, the fact that the fees will be paid independent of the money being paid to Plaintiffs), also approve the parties' negotiated agreement as to the amount of those fees. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *McBean v. City of New York*, 233 F.R.D. 377 (S.D.N.Y. 2006).

IT IS THEREFORE ORDERED that the Parties' Joint Motion for Approval of Settlement Agreement (Doc. No. 41) is GRANTED as set forth above. The Clerk is respectfully directed to CLOSE THIS CASE.

IT IS SO ORDERED.

Signed: February 12, 2021

Frank D. Whitney
United States District Judge